EVADAN REALTY CORP., Plaintiff, *v.* THOMAS J. PATTERSON, as Director of the Budget of the City of New York, et al., Defendants, and DANIEL J. SHEERAN, on Behalf of Himself and All Other Motor Grader Operators, Similarly Situated, Intervener, Defendant.

Supreme Court, Special Term, New York County, March 23, 1948.

*Harold Baer* for plaintiff.

*John P. McGrath, Corporation Counsel (Howard C. Fischbach of counsel), for defendants.*

*Bernard A. Abrashkin* and *Harold Krieger* for intervener, defendant.

McNALLY, J. This is a taxpayer's action pursuant to section 51 of the General Municipal Law. The plaintiff seeks to restrain consummation of agreements between the City of New York and 227 of its employees who fall into four categories, to wit, Motor Grader Operators, Blacksmiths, Blacksmiths' Helpers and General Mechanics. Heretofore the Appellate Division reversed our Special Term and granted summary judgment dismissing the complaint upon the ground that the proposed agreements do not violate any provision of law (272 App. Div. 869). The Court of Appeals reversed and held that questions of law which turn upon questions of fact were present requiring a determination upon a record made on a full trial of the case (297 N. Y. 732).

At various times between and including 1943 and 1946, a substantial number of employees of each category filed complaints with the Comptroller of the City of New York alleging violations of section 220 of the Labor Law. Some employees in each category did not file such complaints. Section 220 requires the city to pay to laborers, workmen and mechanics the prevailing rate of wages as therein defined. (*Matter of Gaston* v. *Taylor,* 274 N. Y. 359, 363.)

Subsequent to the filing of said complaints disputes arose between and investigations were made by representatives of the city and the employees with relation to the prevailing rates of wages for the relevant categories during the periods here involved. In addition, hearings were had before the Comptroller of the City of New York. During this period some employees of each category failed to protest some of the official payrolls of the City of New York. In consequence of the occurrences and proceedings aforesaid, the contracts here involved were negotiated fixing the rates retroactively and prospectively for the categories of employment involved.

The contracts were approved by the Board of Estimate on May 22, 1947. The employees thereby agree not to protest official payrolls. A substantial number of employees failed to protest the official payrolls for the period following July 1, 1946, because they knew of the proposed provision for refraining from so doing.

The dispute as to the motor grader operators related to the the period September 19, 1944, to June 30, 1947. The contract for motor grader operators guarantees to them 250 eight-hour working days at the annual compensation of $3,000 or $1.50 per hour, for the period July 1, 1946, to June 30, 1947, and fixes the rate for the period September 19, 1944, to June 30, 1946, at $11.00 per day or $1.37½ per hour. The market rate per hour during 1946 and 1947, was $1.75 and for the relevant period antedating 1946 was $1.37½.

The dispute with the blacksmiths and blacksmiths' helpers was confined to the period July 1, 1946, to June 30, 1947. The contract covering them guarantees the blacksmiths' annual compensation of $3,400 for 250 eight-hour days or $1.70 per hour. The market rate per hour during said period was $1.87⅞. The said contract also guarantees to blacksmiths' helpers annual compensation of $2,800 for 250 eight-hour days, or $1.30 per hour.

The period involved in the dispute with the general mechanics was March 11, 1943, to June 30, 1947. The contract governing them for the period July 1, 1946, to June 30, 1947, guarantees annual compensation of $2,750 for 250 eight-hour days or $1.37½ per hour. Said contract fixes the rate per day for the period antedating June 30, 1946, as follows: January 1, 1946, to June 30, 1946, $10.48, or $1.31 per hour; January 1, 1945, to December 31, 1945, $10.08, or $1.26, per hour; January 1, 1944, to December 31, 1944, $10.32, or $1.29 per hour; March 11, 1943, to December 31, 1943, $10.08, or $1.26 per hour.

The said rates for mechanics represent a composite of the market rates for cement masons, painters, machinists and blacksmiths. The duties performed by the general mechanics are a combination of duties of cement masons, painters, machinists and blacksmiths. There is no equivalent category of employees employed elsewhere.

The contracts contain common provisions, viz.: provision for the execution of general releases and withdrawal of Labor Law claims and complaints filed by the employees with the Comptroller of the City of New York; a covenant to refrain from filing such complaints and from protesting official payrolls during the contract period.

In no case was the prevailing rate determined in accordance with section 220 of the Labor Law. However, the contract rates were less than the demonstrated market rates. The prevailing rate, under section 220 of the Labor Law, is a term of art.

" Market " and " prevailing " rate may be synonymous (*Campbell* v. *City of New York,* 244 N .Y. 317, 329). It is unnecessary at this time to so decide. Enough appears to demonstrate that the contract rates were substantially less than the market rates and what would most likely have been determined to be the prevailing rates.

Plaintiff contends as follows: (1) The Director of the Budget of the City of New York lacks power to enter into the contracts; (2) the power of the Board of Estimate to fix the rates of employees was exhausted when it approved the budgets for the relevant periods; (3) insofar as the contracts provide for compensation for the periods prior to their making, they violate section 67–1.0 of the Administrative Code; (4) compensation provided for the period antedating the making of the contracts is in contravention of section 10 of article IX of the Constitution of the State of New York; (5) the provisions for payment of back wages to those who did not protest is in violation of section 93c–2.0 of the Administrative Code; (6) the agreements are grounded on an illegal consideration insofar as they depend upon a waiver of the rights created in favor of the employees under section 220 of the Labor Law, and (7) the amounts required to be paid under the contracts in excess of the budgetary provisions constitute waste.

The State has unlimited power to fix compensation for labor and services rendered to it. The city is a creature of the State. To the extent necessary to discharge the functions assigned to it by the State, the city acts with the right and power of the State, subject to constitutional and statutory limitations (*Ryan* v. *City of New York,* 177 N. Y. 271, 273). Section 17 of article I of the Constitution of the State of New York proscribes payment of less than the prevailing rate. Section 220 of the Labor Law does likewise. The said constitutional and statutory provisions create a standard of social justice to be observed by the city in its dealings with laborers, workmen and mechanics (*Austin* v. *City of New York,* 258 N. Y. 113, 117).

Section 67 of the New York City Charter does not create the power of the city to fix salaries. That power is incidental to the assignment of public functions to the city by the State. The assignment of those functions carries with it the power to compensate persons whose services are required to discharge such functions. Section 67, however, lodges the city's power to fix salaries in the board of estimate. The agreements under consideration were approved by the board of

estimate. Consequently the power, if any, of the budget director in respect of their negotiations need not be presently determined.

Section 220 of the Labor Law requires payment of the prevailing rate. Section 67–1.0 of the Administrative Code prohibits retroactive increases of salary. Each statute is to be given effect and insofar as possible construed so as to be complementary to rather than destructive of each other. Section 220 implements section 17 of article I of the Constitution. The construction of the relevant provisions of the charter, the Administrative Code, and section 220, and most favorable to the employees, should therefore prevail (*Austin* v. *City of New York, supra,* p. 117).

Section 220 requires payment to laborers, workmen and mechanics employed by the City of New York of not less than the prevailing rate of wages (*Matter of Gaston* v. *Taylor,* 274 N. Y. 359, 363, *supra*). To the extent the city does not pay the prevailing rate of wages, it is unjustly enriched. Section 67–1.0 of the Administrative Code is inapplicable. It is aimed at retroactive application of increases of salaries. Increases imply an existing valid lesser obligation. In the instant case the city's obligation, legal and moral, from the inception of its relation with the employees involved, was to pay the prevailing rate. Hence the payment of the prevailing or a lesser rate does not constitute any increase.

Section 10 of article IX of the State Constitution proscribes extra compensation to public servants. What has been said with regard to section 67–1.0 of the Administrative Code applies with equal force to the claim of the plaintiff premised on section 10 of article IX. In addition, the contracts involved provide for future services and the waiver of rights by the employees. Those considerations alone amply support the city's undertaking to make the payments required by said contracts to be made. Furthermore, the contracts are fortified by the equity and justice of the claims thereby dealt with, which suffice to support the undertaking of the city (*People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188, 197–198; *Matter of Borup,* 182 N. Y. 222, 226; *Matter of Mahon* v. *Board of Education of the City of New York,* 171 N. Y. 263, 266–267; *Matter of Carr* v. *Roesch,* 231 App. Div. 19, affd. 255 N. Y. 614; *Timmerman* v. *City of New York,* 69 N. Y. S. 2d 102, affd. 272 App. Div. 758).

Section 93c–2.0 of the Administrative Code bottoms a statutory accord and satisfaction on failure to protest in writing in respect of sums due for periods of employment for which payments tendered in full have been received. The omissions to protest do not affect the justice and equity of the claims at bar. To require defendants to assert the omissions by way of defense would be tantamount to compelling the utilization of section 93c–2.0 as a sword rather than a shield. Furthermore, subdivision 8-a, added to section 220 of the Labor Law by chapter 261 of the Laws of 1947, effective March 21, 1947, dispenses with payroll protests in respect of claims under section 220. The amendment is remedial and relates to procedure. It does not create a new right or remedy. It removes a procedural requirement in respect of a pre-existing remedy. Under section 220 of the Labor Law, employees must file complaints. It is unnecessarily burdensome to laborers, workmen and mechanics for whose benefit the said statute was enacted, to require them to protest the payrolls in addition. Subdivision 8-a is, therefore, to be applied retroactively and to pending proceedings. (*Shielcrawt* v. *Moffett,* 294 N. Y. 180, 188–189.)

The plaintiff has failed to demonstrate the invalidity of the waiver of section 220 rights on the part of the employees involved. Waiver of section 220 rights may be effected (*Ryan* v. *City of New York,* 177 N. Y. 271, 279, *supra*).

In order to prevail it was incumbent on the plaintiff to establish illegal acts as well as financial detriment or threat thereof (*Campbell* v. *City of New York,* 244 N. Y. 317, 330, *supra*; *Western New York Water Co.* v. *City of Buffalo,* 242 N. Y. 202, 206–207; *Altschul* v. *Ludwig,* 216 N. Y. 459, 467; *Rogers* v. *O'Brien,* 153 N. Y. 357, 362). The evidence shows no illegality and no financial detriment. There is no suggestion of corruption, fraud or bad faith. Wide scope necessarily is present for the exercise of discretion on the part of the city, its officials and agents in dealings with the vast number and variety of employees of the city. It is not the office of an action for waste to test discretion exercised in good faith (*Talcott* v. *City of Buffalo,* 125 N. Y. 280, 288).

Judgment for the defendants. Settle findings and conclusions in conformity herewith.