George E. Mahin, Anthony Scariano, Arthur R. Gott-schalk, James C. Kirie, Abner Mikva, Mrs. Charles J. Mott, the Illinois Association for Mental Health, Inc., a Not-For-Profit Corporation, Lily Kirie, d/b/a Kirie's Restaurant, Albert W. Hachmeister, and the Better Government Association, a Not-For-Profit Corporation, Plaintiffs-Appellants, v. Maude Myers, Director of the Department of Personnel, Harold M. Visotsky, Director of the Department of Mental Health, John E. Cullerton, Director of the Department of Labor, Michael J. Howlett, Auditor of Public Accounts, and Adlai Stevenson, III, Treasurer, of the State of Illinois, Defendants-Appellees, Building and Construction Trades Committee on Prevailing Wages, Intervenor-Appellee.

Gen. No. 11,082.

Fourth District.

May 13, 1969.

■

James M. Winning and Giffin, Winning, Lindner, Newkirk & Cohen, of Springfield, Jeremiah Marsh, of Chicago, for appellants.

Lester Asher and Benjamin L. Jacobson, of Chicago (Asher, Greenfield, Gubbins and Segall, of counsel), for Illinois State Federation of Labor and Congress of Industrial Organizations as Amicus Curiae.

William G. Clark, Attorney General of the State of Illinois, of Chicago (Richard E. Friedman, First Assistant Attorney General of State of Illinois, John J. O'Toole, Assistant Attorney General, Jerome F. Goldberg, Special Assistant Attorney General, Joan M. Matlaw, Special Assistant Attorney General, of counsel), for appellees.

William K. Cavanagh, of Springfield, for intervenor-appellee.

TRAPP, P. J.

Plaintiffs, having sued as citizens and taxpayers, appeal from a decree of the Circuit Court which dismissed their complaint to enjoin payment of a wage scale established by defendant, Maude Myers, as Director of the Department of Personnel of the State with particular respect to 514 maintenance employees of the Department of Mental Health of the State. The appeal was transferred to this court from the Supreme Court of Illinois.

The suit was brought under the authority of Ill Rev Stats 1965, c 127, § 63b112a(2), which states in part:

"On and after July 1, 1957, any citizen may maintain a suit to restrain a disbursing officer from making any payment in contravention of any provisions of this law (Personnel Code), rule, or order thereunder. . . ."

This section is specifically related to the certification of payrolls.

Plaintiffs, George E. Mahin, Anthony Scariano, Arthur H. Gottschalk, James C. Kirie, Abner Mikva and Mrs. Charles J. Mott are individual citizens and taxpayers, while Illinois Association for Mental Health and Better Government Association are Illinois not for profit corporations.

The defendants are Maude Myers, Director of the Department of Personnel, Harold M. Visotsky, Director of the Department of Mental Health, John E. Cullerton, Director of the Department of Labor, Michael J. Howlett, Auditor of Public Accounts, and Adlai E. Stevenson, III, Treasurer of the State of Illinois.

The complaint alleges that defendant, Maude Myers, Director of the Department of Personnel, purporting to act pursuant to Ill Rev Stats 1965, c 127, § 63b108a(2),

418

established wage rates for maintenance brickmasons, carpenters, electricians, cement finishers, laborers, painters, plasterers, plumbers, roofers, steamfitters, tinsmiths, trades tenders and machinists based upon rates certified to the Department of Personnel by the Department of Labor as "prevailing rates," and that the Department of Mental Health adopted the said wage rates for 514 maintenance employees.

The complaint alleges that in making the determination of "prevailing rates" of wages, the Department of Labor used the rates found to have been negotiated by divers trade unions with private contractors for construction work in the several localities involved. It is alleged that the wage rates established made no differentiation between maintenance work and construction work.

The complaint alleges that the State pay plan adopted by the Department of Personnel also contains a schedule of "maintenance titles and rates" which specifically establishes minimum and maximum rates for maintenance brickmason, maintenance carpenter, maintenance carpenter foreman, maintenance electrician, maintenance equipment operator, maintenance machinist and maintenance worker, and that such rates are substantially lower than the "prevailing rates" certified by the Department of Labor and adopted by the Department of Mental Health.

Plaintiffs' contentions are: (1) that the establishment of the same rates of pay for construction work and maintenance work constitutes an arbitrary classification without rational basis in violation of the equal protection and due process clauses of the XIV Amendment of the Constitution of the United States, section 2 of Article II and section 22 of Article IV of the Constitution of Illinois; (2) that dependence upon privately negotiated rates of pay is an improper delegation of discretionary power of the defendant officials in violation of Article III of the Constitution of Illinois; (3) that Ill Rev Stats c 127, § 63b108a(2) is unconstitutional in that it is

419

vague and thus in violation of the due process clause of the XIVth Amendment of the Constitution of the United States and section 2 of Article II of the Constitution of Illinois; and (4) that the maintenance employees are not being paid at the "rates set forth in the pay plan for the class of position in which he is employed" as provided in the fifth sentence of section 63b108a(2) of c 127, Ill Rev Stats 1965.

■ We are met first with the contention that plaintiffs have misconceived their remedy by bringing the suit under c 127, § 63b112a(2) hereinbefore quoted, instead of employing the procedure provided by c 102, pars 11 to 16 inclusive. The Attorney General has not pursued this point on appeal, but the point is emphasized in the brief of amicus curiae, Illinois State Federation of Labor. We think that that portion of the complaint which charges that the employees are not being paid at the rates set forth in the pay plan for the class of positions in which they are employed brings the suit within chapter 127, § 63b108a(2) in that it is a charge that the pay plan established is not being followed. While the charge of unconstitutionality of the act may not fall within a right to restrain violations under the act, it could, nevertheless, be that a portion of the act followed by the administrative officer would be unconstitutional leaving the conduct of the officer in violation of the remaining valid portion of the law. The purpose of c 102, pars 11 to 16, is to give preliminary notice to the Attorney General and requires leave of court to file a suit in equity, thus creating a means to prevent frivolous actions. Since the trial court indicated that the petition to file in equity would have been allowed if filed and the Attorney General did not pursue the matter, we cannot find that the court was without jurisdiction to pass upon the matters presented by the motion to dismiss.

■ Plaintiffs' first contention is that there is a necessary difference between the job of a maintenance em-

ployee, entailing inter alia year round employment, and the job of a construction employee of a private contractor which is normally seasonal, and that to declare that rates established for construction employees of private contractors is the "prevailing rate" of wages for full time maintenance employees is arbitrary and therefore in violation of the due process and equal protection provisions of the state and federal constitutions. We think that this contention falls short of constitutional protection under these provisions unless it be shown that the law required the action alleged to be arbitrary, or gave free reign to arbitrary action.

That portion of Ill Rev Stats (1965), c 127, § 63b108 and § 63b108a(2) which is here involved, is as follows:

"Sec 63b108. . . . The rules and amendments thereto shall provide: . . .

"Sec 63b108a(2). For a pay plan to be prepared by the Director, and submitted to the Commission, for all employees subject to this Act after consultation with operating agency heads and the Director of the Department of Finance. Such pay plan may include provisions for uniformity of starting pay, an increment plan, area differentials, prevailing rates of wages in those classifications in which employers are now paying or may hereafter pay such rates of wage and other provisions. Such pay plan shall become effective only after it has been approved by the Governor after submission of such plan to him by the Commission together with its recommendations thereon. Amendments to the pay plan shall be made in the same manner. Such pay plan shall provide that each employee shall be paid at one of the rates set forth in the pay plan for the class of position in which he is employed. Such pay plan shall provide for a fair and reasonable compensation for services rendered. . . .

The law quoted obviously does not require the adoption of the "prevailing wage" as a part of the pay plan. In order to hold that the law gives reign to arbitrary action it would have to be established that the term "prevailing rates of wages in those classifications in which employers are now paying or may hereafter pay such rates of wage" sets no standard or guide for the administrative official, or that as construed it declares a false or fictitious standard which is therefore arbitrary.

██ We think that Bradley v. Casey, 415 Ill 576 on 582–584, 114 NE2d 681, as approved in City of Monmouth v. Lorenz, 30 Ill2d 60, 195 NE2d 661 on 665, holds that the term "prevailing wage" is not so vague as to violate the requirements of due process.

Plaintiffs contend that as construed by the administrative officials, the term "prevailing wage" means that the same prevailing wage may be declared for maintenance employees as for construction employees, and that as so construed it legally declares that to be a fact which is not a fact. In support of this position plaintiffs quote from the "Prevailing Wage Law," Ill Rev Stats (1965), c 48, § 39s–2, in part as follows:

> " 'Construction' means all work on public works involving laborers, workmen or mechanics, except maintenance work as herein defined.

> "The term 'maintenance work' within the meaning of this Act shall be held to be the repair of existing facilities when the size, type or extent of such existing facilities is not thereby changed or increased."

Plaintiffs quote a similar definition of distinction adopted in the Department of Labor. They must show that there could not be the same prevailing rate of pay for a carpenter, mechanic or other such employee engaged in maintenance work as for a carpenter, mechanic or other such employee engaged in construction work. Plaintiffs

contend that City of Monmouth v. Lorenz, 30 Ill2d 60, on 66–67, 195 NE2d 661, on 664–5, requires as a constitutional matter that there must be a differentiation between maintenance work by state employees and construction work by private employees. We do not so construe City of Monmouth v. Lorenz. The case actually involved municipal employees employed upon a year-round basis, with various economic benefits, and the 1957 and 1961 amendments *required* the municipality to pay the year round employees *engaged in construction* the same rates as those prevailing between private contractors and their employees on construction. The fatal defect in the act was the *requirement* that the public body establish the same rate of pay for what the court found to be recognizably different kinds of employment. Construction work was involved as to both types of employees. The difference can readily be seen if one seeks to make City of Monmouth v. Lorenz authority for the proposition that the City of Monmouth was *not authorized* to pay year round employees at the same rate as that prevailing among private contractors in construction. Of course, City of Monmouth v. Lorenz did not so hold. Likewise, Bradley v. Casey, 415 Ill 576, on 586, 114 NE2d 681, held that "any provisions of the act which purport to *require* public bodies to pay prevailing per diem wages to employees directly employed by such public bodies are invalid." (Emphasis supplied.)

Finally, plaintiffs contend that there is no basis in fact for declaring that the prevailing rate of wages for maintenance employees is the same as the prevailing rate of wages for the same skills or crafts in private construction work. The complaint alleges that the prevailing wage rates established by the Director of Personnel for maintenance work exceed the rates shown by the 1966 U. S. Occupational Wage Survey for the Chicago Metropolitan area for comparable work by at least 20%. This differential, especially in view of the

difficulty of establishing exact comparables is not sufficient to authorize a court to interfere with legislative or administrative discretion.

■ Plaintiffs' second contention is that dependence upon privately negotiated rates of pay is an improper delegation of discretionary power of the defendant officials in violation of Article III of the Constitution of Illinois. In Bradley v. Casey, 415 Ill 576 on 585, 114 NE2d 681, the court said of an amendment to the prevailing wage law:

> "We believe, however, that there is merit in petitioner's contention that the 1951 amendment to section 2, *defining* wages under a collective bargaining agreement as the prevailing rate of wages in a given locality, is invalid for the reason that it delegates a discretionary power to private parties and that it tends to be too restrictive and discriminatory in defining that to be a fact which is not a fact. Upon close analysis it can be seen that this amendment permits the *fixing* of the standard rather than *finding* or *ascertaining* an existing fact. This amendment then, being vulnerable to the foregoing criticism, is clearly unconstitutional." (First emphasis supplied.)

Section 63b108a(2), Ill Rev Stats 1965, does not *require* the adoption of the privately negotiated rate as the "prevailing rate" established by the Department of Personnel. Neither does the law prevent the Director of Labor or Director of Personnel from finding that the privately negotiated construction workers' rate is in fact the prevailing rate for maintenance workers with similar skills. The letter of the Assistant Director of the Department of Labor, relied upon by plaintiffs, does indeed infer that the copies of current wage rates of all building trades local unions on file with the Department of

Labor are the basis of the present determination. However, the same letter states that the Department of Labor staff makes further inquiry with the employer contractors in the building industry with reference to the current wages as certified to the Department of Labor, after which the rates are accepted as a correct certification of current wages, arrived at through the process of collective bargaining effective in the building industry. The fact that the maintenance rates of pay for the same skills are the same as the construction rates does not mean that the maintenance rates are not, in fact, the prevailing rates for maintenance. We do not find that the allegations of the complaint establish that the Director of Personnel, or the Director of Labor, failed to make his own determination of prevailing rates of pay for maintenance workers.

The third contention of plaintiffs that the term "prevailing rate of wages" is unconstitutionally vague has been answered by Bradley v. Casey, 415 Ill 576 on 582–584, 114 NE2d 681.

The fourth contention is that the maintenance employees in question are not being paid at the "rates set forth in the pay plan for the class of position in which he is employed," as provided in section 63b108a (2), c 127, Ill Rev Stats 1965. The basis of this contention appears to be that the Department of Personnel has established two plans, the one attached to the complaint as Exhibit A being entitled "Department of Mental Health, Maintenance Rates In Effect" which sets out the same rates as those used in private construction, and the second entitled, "Maintenance Titles and Rates Currently Included in Pay Plan," which apparently sets forth monthly minimum and maximum salaries for certain maintenance titles such as bricklayer, carpenter, electrician, equipment operator, machinist and worker.

The statute heretofore quoted (Ill Rev Stats 1965, § 63b108a(2)) allows a pay plan which includes several alternatives, including the prevailing rate of wages which employers are now paying. It also provides that an employee shall be paid at one of the rates in the pay plan for the class of position in which he is employed. The complaint alleges that there are two schedules entitled maintenance employees. It alleges that the prevailing wage rate which ignores any distinction between construction and maintenance represents a departure by the Department of Personnel from an earlier interpretation which employed the schedule showing a monthly minimum and maximum for various maintenance employees. These allegations do not set forth facts showing that the adoption of the pay schedule involving prevailing wage rates without reference to construction or maintenance work constitutes an act in contravention of the pay plan.

We cannot say, as a matter of law, that the prevailing rate of wages for maintenance work is not the same as the prevailing rate of wages for the same skills in construction work.

The decree of the Circuit Court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.