QUESTION: Does the phrase "prevailing rate of wages" as used in s. 215.19, F.S., include fringe benefits in addition to the basic hourly wage rate?
SUMMARY: Absent legislative clarification, the phrase "prevailing rate of wages" as used in s. 215.19, F.S., should not be construed to include fringe benefits. Statutes or ordinances in a number of jurisdictions have attempted to regulate the wages to be paid workmen on public works projects by providing, in variously worded laws, that such workmen must be paid wages based upon the rates commonly paid to similar workers in private employment. See statutes collected at Annotation, Public Works — Prevailing Wage Law, 18 A.L.R.3d 944, 948, s. 4. Florida's prevailing wage law, s. 215.19, F.S., similarly provides that on all public contracts in excess of five thousand dollars the prevailing rate of wages shall be paid. Section 215.19(1)(a) states that: Every contract in excess of five thousand dollars in amount to which the state, any county or municipality in the state, or any political subdivision of the state or other public agency or authority is a party, shall contain a provision that the rate of wages for all laborers, mechanics and apprentices . . . employed by any contractor or subcontractor on the work covered by the contract shall not be less than the prevailing rate of wages for similar skills or classifications of work in the city, town, village or other civil division of the state in which the said public work is located . . . . (Emphasis supplied.) However, the phrase "prevailing rate of wages" is left undefined by the statutes cited above, and therefore, an examination of pertinent court decisions which have dealt with the construction of the aforementioned phrase in similar wage laws is necessitated. The term prevailing rate of wages as used in the New York Prevailing Wage Law, has been defined as being synonymous with "market rate." Evadan Realty Corp. v. Patterson, 78 N.Y.S.2d 114, 118, 192 Misc. 850
(Super.Ct. 1949). Campbell v. City of New York, 155 N.E. 628 (1927). The Prevailing Wage Law for the City of New York requires that all workmen employed by the city upon public works must receive for a "legal day's work" not less than the prevailing rate of wages. Smith v. Joseph, 88 N.Y.S.2d 818 (1949). The city's prevailing rate of wages has been held to reflect all payments regularly paid during the work week, exclusive of overtime payments in private industry to persons employed in the locality in positions comparable to that of petitioner. Subdivision 5[a], Sec. 220, Labor Law. The words "regular rate" mean the hourly rate actually paid for the normal nonovertime work week. Walling v. Helmerich Payne, 323 U.S. 37, 40, 65 S.Ct 11, 13, 89 L.Ed 29. (Smith v. Joseph, supra at 820. [Emphasis supplied.])
The Illinois Prevailing Wage Law was declared unconstitutional in part in Monmouth v. Lorenz, 195 N.E.2d 661 (Ill. 1963), due to the fact that it required governmental entities to pay the prevailing wage on public works projects. The court observed the following: Government employment is generally of a steady nature and entails fringe benefits whereas employment by a private contractor is usually seasonal and does not carry like fringe benefits. These disadvantages of seasonal employment and lack of fringe benefits are compensated, of course, by the payment of higher wages. The workmen employed by the public body may do as well as or better in the long run than the workman employed by a private contractor although his rate of pay may not be as high. The object of the legislation in question is to insure that workmen on public projects receive the same economic benefits as workmen on projects of a similar nature by regulating the rate of pay they are to receive, but rate of pay is just one factor in determining the economic benefits to be derived from employment, and where, as here, the two classes of employers are by their very nature in such a position that they cannot confer similar economic benefits on their employees exclusive of rate of pay, an act requiring both classes to pay their employees on construction the same rate violates the equal protection clause. . . . City of Monmouth, supra at 664-665. Accord: Allen v. Brown, 148 P.2d 673 (Calif. 1944), which held that the difference between public and private employers' rate of pay was accountable to added benefits received by the public employees. However, an emergency condition existed at that time in the City of Los Angeles which further explains the holding of this decision, especially in light of its progeny. However, in a later decision, Mahin v. Myers, 247 N.E.2d 812 (4 D.C.A. Ill., 1969), the Monmouth decision was said to bar only a requirement that public employees engaged in construction be paid the same rate as private employees so engaged. Thus, the court held valid a Department of Labor survey which determined the prevailing rate from current wage rates found to have been negotiated between trade unions and private contractors. Somewhat similarly, New Jersey has defined prevailing wage to mean the wage rate paid by virtue of collective bargaining agreements. See N.F.S.A. 34:11-56.26(9); Male v. Pompton Lakes Borough Municipal Utility Authority, 252 A.2d 224 (N.J. Sup.Ct. 1969). On the other hand, California decisions subsequent to Allen, supra, have held that while the state does not require a county board to define prevailing wages to include "fringe benefits," neither does it prohibit the board from including them within such definition. Walker v. County of Los Angeles, 361 P.2d 247 (Calif. 1961). However, in Walker the court specifically relied on the county board's "board discretion" in determining the prevailing local wage. In Amell v. United States, 390 F.2d 880 (Ct.Cl. 1968), civilian marine engineers employed by the Department of the Navy brought suit to recover additional wages claimed to be due as a result of comparable pay increases which were granted to commercial marine engineers by commercial maritime carriers. In rejecting plaintiffs' arguments for added wages the court observed: Finally, plaintiffs argue that the concept that prevailing wages include fringe benefits has become widely recognized in recent years. In particular, they call attention to an amendment to the Davis-Bacon Act, 46 Stat. 1944, 40 U.S.C. § 276(a) (1964), which included fringe benefits in the definition of prevailing wages for laborers and employees of contractors on public works. Although this argument is somewhat appealing, it collides with the fact that specific provisions in applicable statutes are required to bring "fringe benefits" within the concept of prevailing wages, and that no such amendments have been made to the statutes affecting plaintiffs. As the Supreme Court said in a comparable situation, "If civilian seamen employed by the Government are to be accorded rights different from or greater than those they enjoy under the Compensation Act, it is for Congress to provide them." Patterson v. United States,350 U.S. 495, 495-497 (1959). Similarly, I am compelled to the view that if the definition of prevailing wages is to be interpreted to include fringe benefits, then it is exclusively within the realm of the state legislature to so provide. Until such time, the weight of authority holds that prevailing wages are to be determined solely on the basis of the monetary remuneration given to an employee as distinguished from fringe benefits or benefits derived from working conditions. Cf. Gowanlock v. Turner, 267 P.2d 310 (Calif. 1954). Since the fixing of salary and wages is a strictly legislative prerogative and duty, Perkins v. Lucas Steel Co.,310 U.S. 13, no attempt to administratively interpret the definition of prevailing wage to include fringe benefits should be made. However, consistent with the purpose of the Prevailing Wage Law — that public funds should not be used to depress local wage standards on public works projects — I would urge that the legislature consider amending s. 215.19, F.S., so as to include fringe benefits, which have become an integral part of the wages of millions of workers, within the definition of prevailing wage. Regardless of the form they take — group life insurance, group hospitalization, disability benefits, medical care, pensions, etc. — an employer's share of such benefits is a form of compensation and should be recognized as such by the legislature within the prevailing wage law. See 1964 U.S. Code Cong. and Adm. News at 2341.