■ In the Matter of EXPERT ELECTRIC, INC., Respondent, v HARRISON J. GOLDIN, as Comptroller of the City of New York, Appellant.—In a proceeding pursuant to CPLR article 78 *inter alia* to annul appellant's determination, dated December 3, 1974 and entitled "Wage Rates for the Effective Period 7/1/74–12/31/74, Addendum No. 2", which revised the rate of wages to be paid petitioner's employees employed on a public works contract, the appeal is from a judgment of the Supreme Court, Kings County, dated March 6, 1975, which, *inter alia,* annulled the determination. Judgment affirmed, with $50 costs and disbursements. Petitioner entered into a contract to do some electrical work for the New York City Department of Water Resources. Annexed to the contract, as mandated by subdivision 3 of section 220 of the Labor Law, was a schedule of wages, plus the legend that: "The prevailing wage rates and supplemental benefits to be paid are those in effect at the time the work is being performed." During the progress of the work, petitioner received notice from an agent of the appellant that a new series of higher wage rates had been established on December 3, 1974,

retroactive to July 1, 1974. Petitioner challenged the legality of the directive on the ground that it could not be promulgated unless prior notice was given to petitioner and a hearing conducted as prescribed by subdivision 8 of section 220 of the Labor Law. Petitioner challenged, also, the legal sufficiency of the legend referred to above. Appellant countered by claiming that the legend relieved him of any obligation under the Labor Law, yet at the same time contended that subdivision 9 of section 220 of the Labor Law justified his unilateral action. That subdivision states, in part: "When a final determination has been rendered, any * * * corporation that wilfully refuses thereafter to pay the rate of wages * * * determined by said order until modified by order of the fiscal officer or court * * * shall be guilty of a misdemeanor". Subdivision 9 must be read in conjunction with subdivisions 7 and 8. As germane, subdivision 7 permits appellant, on his own initiative, to "cause an investigation to be made to determine the prevailing rate of wages * * * in the same trade * * * in the locality within the state where such public work is being performed". Subdivision 8 states, in substance, that "before making any order or determination upon an investigation made upon his own initiative," the fiscal officer shall order a hearing at which the affected party shall be given an opportunity to be heard. Appellant concedes that no notice was given and that no hearing was held. Just as "the power to tax involves the power to destroy" *(McCulloch v Maryland,* 4 Wheat [17 US] 316, 431), so the attempted unilateral action of appellant in this instance could involve the power to destroy petitioner financially. Accordingly, we hold that section 220 of the Labor Law and its applicable provisions must be (1) deemed part of the contract, (2) read in connection therewith, and (3) complied with by appellant, before a new determination as to wages can be made. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.