In the Matter of BALLARD CONSTRUCTION, INC., et al., Respondents, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Appellant.

Third Department, July 13, 1978

**APPEARANCES OF COUNSEL**

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellant.

*Bryant, O'Dell & Basso (Laverne F. O'Dell* of counsel), for respondents.

*Doran, Colleran, O'Hara & Dunne, P. C. (Richard L. O'Hara* of counsel), for New York State AFL-CIO and another, *amici curiae.*

## OPINION OF THE COURT

GREENBLOTT, J. P.

Petitioners are open shop contractors who have entered into public works contracts with the State. Pursuant to section 220 of the Labor Law, appellant determined, prior to advertisement for bids, the prevailing wages to be paid under the contracts. This controversy arose when, during the pendency of the contracts, the appellant determined that prevailing wage rates had increased; he issued redeterminations of the prevailing wage rates and notified petitioners that they were now obligated to pay the higher rates.

Petitioners brought this article 78 proceeding to annul the redeterminations, claiming that statutory procedures had not been followed and that the redeterminations were arbitrary. Special Term agreed that there had been a violation of statutory procedure (Labor Law, § 220, subd 8) and remitted the case for a hearing. The Industrial Commissioner appeals.

We are asked to construe the lengthy provisions of section 220 of the Labor Law. It is appellant's position that the section should be divided into two components, one dealing with wage redeterminations not subject to hearing, and the other dealing with initial determinations which are subject to hearing.

Subdivision 3 reads in relevant part: "If the prevailing rate of wages or the prevailing practices for supplements as determined by the fiscal officer changes after the contract is let, the department of jurisdiction shall request of the fiscal officer a redetermination of the schedules of wages and supplements, and such redetermination shall be annexed to and form a part of the contract for the work." Reading this subdivision without more would lead one to the conclusion that no hearing need be provided. It is a simple matter of administrative redetermination.

Turning to subdivisions 7 and 8, we find language seemingly relevant to this issue. Subdivision 7 provides in part: "The fiscal officer as herein defined may, on his own initiative, and

must, on a verified complaint in writing of any person interested \* \* \* cause an investigation to be made to determine the prevailing rate of wages and prevailing practices for supplements in the same trade or occupation in the locality within the state where such public work is being performed, or the hours of labor performed by the workmen, laborers and mechanics employed on such public work, or both."

Subdivision 8 provides in part: "Before proceeding under a complaint presented as provided in subdivision seven and subdivision eight-d, or before making any order or determination upon an investigation made upon his own initiative, the fiscal officer shall order a hearing thereon at a time and place to be specified, and shall give notice thereof, together with a copy of such complaint or purpose thereof, or a statement of the facts disclosed upon such investigation, which notice shall be served personally or by mail on any person or corporation affected thereby; such person or corporation shall have an opportunity to be heard in respect to the matters complained of at the time and place specified in such notice \* \* \*. If \* \* \* the final decision is in favor of the complainant and the order involves or relates to the rate of wages paid or the supplements provided on such public work, the complainant or any other person affected may \* \* \* institute an action against the person or corporation found violating this act for the recovery of the difference between the sum actually paid or provided and the amount which should have been paid or provided." These provisions, it is argued, apply only to initial wage rate determinations.

We cannot agree. There is nothing in the language of subdivision 7 which would limit the application of the hearing provisions. Subdivision 7 requires an investigation into prevailing rates when a complaint is filed or on the fiscal officer's own initiative and does not in any way suggest that the rates under investigation are only those to be applied prior to letting the contract. We see nothing in the statute or its history which would require us to conclude that redeterminations may be made without hearing. In fact, subdivision 8 allows a complainant to sue to recover any difference between wages paid and wages that should have been paid under the fiscal officer's determination. If this determination only establishes wage rates prior to bidding on contracts, it is difficult to imagine who would be afforded the right to recover for underpayment of wages since no one would yet be receiving wages

under a contract. We must conclude that the hearing provisions of subdivision 8 apply to redetermination of wage rates as well as to original determinations. In full accord with this holding is the Second Department's decision in *Matter of Expert Elec. v Goldin* (51 AD2d 763).

Appellant appeals to the court's equitable powers in asking us to consider the impact of a hearing requirement in view of the thousands of redeterminations made annually. We note that the equities are not entirely in appellant's favor since a denial of a right to a hearing would mean that petitioners could face numerous increases in payroll without more than a statement from appellant that prevailing wages had risen. In any case, we are concerned only with construction of section 220 of the Labor Law, and we have construed it, in our view, in the only way it can be read. If the Legislature meant otherwise, we leave it to that branch to make its intentions known.

We find no merit in any other contentions raised before us. Consequently, we affirm.

The judgment should be affirmed, without costs.

MAIN, LARKIN, MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, without costs.