OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek judgment annulling and vacating wage rate and supplement redeterminations made by respondent pursuant to section 220 of the Labor Law.
Respondent made a cross motion for an order dismissing the *685 petition in point of law on the ground that it fails to state a cause of action, pursuant to CPLR 7804 (subd [f]).
Petitioners are contractors engaged in the construction business and are currently performing public contracts with the State of New York at one of its subdivisions. Each of the contracts in question was awarded or let on or before June 30, 1978. Section 220 of the Labor Law requires that workers on these projects be paid the prevailing wage rate as set by the fiscal officer which in this case is the respondent. Each of the wage rate determinations is affixed to and becomes a part of the contract. If the prevailing wage rates change during the course of the contract, respondent makes and issues redeterminations of the prevailing wage rates and sends them to the contractors. Each of the petitioners have had new prevailing wage rates delivered to them after they commenced work on the contracts. Petitioners object to the procedure and bring the instant proceeding to review the particular practice of respondent.
The respondent contends that as to the redetermination dated September 28, 1977, and mailed to petitioner A. L. Blades & Sons, Inc., on October 31, 1977, this proceeding is time barred by CPLR 217. The petitioners, in their opposing affidavits to the cross motion to dismiss, agree and consent to withdraw that part of its exhibit from its petition. Therefore, the petition is dismissed as to that redetermination of September 28, 1977.
Respondent in its cross motion to dismiss the petition further contends that subdivisions 3, 7 and 8 of section 220 of the Labor Law were amended by chapter 336 of the Laws of 1978, effective August 18, 1978, and that new enactment clearly establishes that the hearing required by said section 8 of chapter 336 of the Laws of 1978 applies only to compliance investigations under subdivision 7 of section 220 of the Labor Law and not to redeterminations of wage rate schedules and supplemental benefits and it is to be applied retroactively.
The court cannot agree with this contention of the respondent. Any suggestion that the Legislature intended that the amendment be applied retroactively is negated by chapter 336 of the Laws of 1978 which states that the amendment shall take effect on the 60th day after it shall become a law. The postponement of the effective date of the amendment furnishes clear indicia of intent. (Matter of Deutsch v Catherwood, 31 NY2d 487, if the amendment was to have retroactive *686 effect, there would have been no need for any postponement; Matter of Ayman v Teachers’ Retirement Bd. of City of N. Y., 9 NY2d 119.) Furthermore, it is axiomatic that an amendment will have only prospective applications unless its language clearly indicates that a contrary interpretation is to be applied (McKinney’s Cons Laws of NY, Book 1, Statutes, §52; Matter of Mulligan v Murphy, 14 NY2d 223, 226). Further, respondent contends that the petition contains conclusory allegations which are insufficient to support the relief requested. This court cannot agree with this contention either, as respondent’s own papers establish petitioners’ cause of action.
The cross motion of respondent to dismiss the petition is therefore denied and the respondent is permitted to answer the petition within 20 days after service of the order with notice of entry.