OPINION OF THE COURT
Aaron E. Klein, J.
Petitioner proceeds by CPLR article 78 for a judgment annulling respondent’s redeterminations of prevailing wage rates and supplements, and restraining and enjoining the respondent from enforcing said redeterminations, and/or caus *1044 ing any earned contract funds to be withheld by reason of the redeterminations.
Petitioner has entered into two contracts, the first executed in May of 1972 with the Oneida County Sewer District, and the second with the West Frankfort Industrial Park executed in June of 1977. It appears the petitioner is an open-shop contractor, and since both of the agreements are public works contracts (Labor Law, § 220), respondent is mandated to determine the "prevailing rate” of wages and supplements being paid for the same work in the same trade in the particular locality. The "prevailing rate” is the wage rate the petitioner is required to pay its employees under each contract.
At various times during the contract period, redeterminations of the "prevailing rate” and supplements were made by the respondent. Thereafter the departments of jurisdiction (respective departments of public works) received notices to withhold payments of money due under the contract which were issued by the Department of Labor in the amount of $20,000 for the Oneida County Sewer District, and in the amount of $4,500 for West Frankfort Industrial Park.
The petitioner has made a number of arguments under section 220 of the Labor Law, principally claiming statutory duties were violated thereunder resulting in a deprivation of due process of law since respondent made the redeterminations without an actual investigation, and no notice was properly given the petitioner so it could be heard.
While it would appear that the arguments above mentioned are meritorious, and would, therefore, require a hearing under the holdings of Matter of Expert Elec. v Goldin (51 AD2d 763) and Matter of Ballard Constr. v Ross (63 AD2d 99), section 220 of the Labor Law has been amended in an obvious legislative response to the clear invitation by the court in Ballard (supra, p 102) to make "its intentions known.”
By chapter 336 of the Laws of 1978, section 220 was amended, same being approved June 19, 1978, and effective on the 60th day thereafter. The legislative memorandum of the State Department of Labor sets forth the purpose of the amendment which was "to clarify procedures under Article 8 of the New York State Labor Law, in the light of court decisions” (Labor Law, § 220 et seq.). (NY Legis Ann, 1978, p 215.)
The holdings in Expert Elec. and Ballard (supra) interpreted subdivisions 7 and 8 of section 220 as requiring a *1045 hearing before any redetermination was issued by the respondent. As now framed, section 220 requires a hearing only in nonpayment of prevailing rate cases instead of requiring a hearing in both a nonpayment case and a redetermination case as the holdings above mentioned construed the statute.
In this court’s view "the amendment created only a subtraction of a purely procedural requirement” (Matter of Deutsch v Catherwood, 31 NY2d 487, 490). The Court of Appeals in Deutsch, an opinion by Judge Gabrielli, employed the foregoing language to distinguish that case from Evadan Realty Corp. v Patterson (192 Misc 850, affd 276 App Div 751, mot for lv to app den 276 App Div 893). In Evadan (supra), an amendment to subdivision 8-a of section 220 was challenged which dispensed with requiring prior payroll claims. The court stated the following: "The amendment is remedial and relates to procedure. It does not create a new right or remedy. It removes a procedural requirement in respect of a pre-existing remedy * * * Subdivision 8-a is, therefore, to be applied retroactively and to pending proceedings. (Shielcrawt v. Moffett, 294 N. Y. 180, 188-189.)” (Evadan, supra, p 856.)
In the proceeding at bar, the service of the notice of petition and petition occurred on December 6, 1978. Thus, no proceeding had been taken nor was there one pending at the time of the institution of this article 78 proceeding. (Cf. 56 NY Jur, Statutes, § 270.) The amendment, having become effective on August 18, 1978, mandates that the remedy sought herein is no longer available. In this regard, Firelands Sewer & Water Constr. Co. v Rochester Pure Waters Dist. (67 AD2d 813) is distinguishable.
Furthermore, from the legislative memorandum referred to above, it would seem that this legislation was curative in nature (see 56 NY Jur, Statutes, § 264 et seq.).
On the basis of the foregoing, the petition is dismissed for the failure to state facts sufficient to sustain the granting of the relief requested.