*314 OPINION OF THE COURT
Con. G. Cholakis, J.
This CPLR article 78 proceeding is brought to challenge certain wage rate and supplement determinations made by the respondent pursuant to section 220 of the Labor Law. The petitioners are each engaged in the performance of public construction contracts within the State of New York. In the main, it is the petitioners’ position that the respondent determined the subject wage rates and supplements in an improper manner, contrary to statutory standards.
In addition, the petitioner, F. G. Compagni Construction Co., Inc., seeks judgment vacating certain redeterminations made in connection with its contract with the Town of Vienna. It is alleged that these redeterminations were not requested by the Town of Vienna and that the same were issued without notice and without a hearing, all of which were required by section 220 of the Labor Law prior to its 1978 amendments. The allegations of the petitioner Compagni are conceded. The Compagni contract with the Village of Vienna was executed prior to August 18, 1978, the effective date of the noted amendment to section 220 of the Labor Law. Any determination made absent notice and hearing is invalid (Matter of Ballard Constr. v Ross, 63 AD2d 99, mot for lv to app den 45 NY2d 713). Moreover, it is established that the statutory amendments permitting redeterminations without a request by the department of jurisdiction and without notice and hearing (Labor Law, § 220, subds 3, 7, 8) are not to be given retroactive application (Blades & Sons v Ross, 99 Misc 2d 684). Accordingly, the redetermination issued in connection with the contract with the petitioner Compagni and the Town of Vienna is for the noted independent reasons vacated.
Returning to the main thrust of the petition, the petitioners assert that the respondent has virtually ignored subdivisions 3 and 5 of section 220 of the Labor Law in his redetermination of prevailing wage rates and supplements. An examination of these subdivisions shows that explicit and mandatory language is employed in directing the respondent in the manner in which he is to proceed to determine the prevailing wages in a locality. (See, particularly, § 220, subd 5, pars a, d.) The petitioner asserts that notwithstanding such specific direction and contrary to the same, the respondent has proceeded to divide the State into unauthorized geographical divisions and to adopt union wage and supplement rates.
*315 Upon this proceeding it is admitted that the Department of Labor maintains "57 Geographical pre-printed menu combinations” and that "in each such menu it maintains the current union wage rates for each area”. It is further asserted that thousands of surveys are taken each year and based upon these surveys it is concluded that the union rates paid in each of the geographical areas are the prevailing rates. Finally, it is submitted that the use of such union rates and the use of the 57 geographical combinations as the basis for determining the existing prevailing wage rate is reasonable in view of the practical difficulties otherwise encountered.
However practical the respondent’s procedures, it appears apparent to this court that the same simply do not comply with the requirements of the statute. The statute is, as noted, mandatory and explicit. It would appear that the respondents are not free to select geographic areas at will, nor are they free to determine the prevailing rate of wage in any manner other than as directed (Matter of Armco Drainage & Metal Prods, v Moore, 285 App Div 236).
Accordingly, the petitioners may submit judgment vacating the subject wage and supplement redeterminations and vacating additionally the notice of Labor Law inspection findings based therein issued in connection with the contract of the petitioner A. L. Blades & Sons, Inc., as prayed for, and the notice of Labor Law inspection findings and notice to department of jurisdiction to withhold payment issued in connection with the contract of the petitioner Law Brothers Contracting Corp., as prayed for.