(78 Misc. Rep. 653.)

### HEBRON v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, Second Department. January 3, 1913.)

1. EVIDENCE (§ 65*)—PRESUMPTIONS—KNOWLEDGE OF LAW.

The public policy requiring public laws to be known, and declining to receive the excuse of ignorance, is based upon the duty laid upon all citizens to know the law, so that a plea of ignorance of law not only asserts an advantage over others, but, by setting up a breach of duty, asks the court for a decree based on the pleader's own negligence in not knowing the law, and applies both to the enactment and repeal of public laws.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 85; Dec. Dig. § 65.*]

2. PAYMENT (§ 84*)—RECOVERY—MISTAKE OF LAW.

The court will not relieve against a voluntary payment of money under a mistake of law.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 267–271; Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LICENSES (§ 34*)—RECOVERY OF LICENSE FEE PAID—PAYMENT TO MUNICIPALITY.

　　After the repeal of an ordinance requiring license fees for a private hack stand, plaintiff voluntarily paid such fees to the city, which accepted them under a claim of right. *Held*, in view of the law limiting the powers of municipal officers, that plaintiff should have known his liability and rights before payment, that his failure to do so was a mistake of law, and that the payment could not be recovered.

　　[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 68; Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by James Hebron against the City of New York. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Archibald R. Watson, of New York City (Frank Julian Price, of Brooklyn, of counsel), for appellant.

James R. Finnegan, for respondent.

PUTNAM, J. Before 1906 an ordinance of the city of New York required a license fee for private hack stands, which were spaces reserved to the licensee, into which no other hackmen could come. But by the new Code of Ordinances for Greater New York, approved on November 8, 1906, all previous ordinances were repealed, including this for private hack stands. Nevertheless the plaintiff came down to the bureau of licenses and paid $100 for four stands, in the years 1906, 1907, and 1909, and $200 (by two payments), in the year 1908, and received the yearly licenses. It is stated that plaintiff was notified, first in writing, and then by a special officer, to renew his licenses, or they would be revoked. He sued in May, 1912, to recover back the $500, alleging that the payments were made under a mutual mistake of fact, and recovered judgment in the Municipal Court.

The appeal by the city raises two questions: The effect of a mistake of law; also the liability of the city to refund moneys thus paid into the license bureau. Plaintiff urged that his mistake or ignorance as to the repeal of this ordinance was a mistake of fact, and cites Pitcher v. Turin Plank Road Co., 10 Barb. 436, where it appeared that the Public Roads Act had superseded a prior Turnpike Act, which had imposed a penalty for running into a gate. There a minor had paid to the Road Company $10 in settlement of a supposed penalty for running into a gate, but subsequently, on attaining full age, brought suit to recover it back. While the court spoke of the mistake as to the repeal of the earlier statute as a mistake of fact, it rested its decision upon the ground, taken by the County Court, that the agreement settling the liability, being made with a minor, was open to review, and the payment should not bind the infant, but was recoverable back. This case, therefore, is no authority for the respondent in the case at bar.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The policy of all countries that requires public laws to be known, and does not receive the excuse of ignorance of their provisions, obviously applies both to their enactment and their repeal, as otherwise the existence and duration of statutes would be open to the excuse of ignorance, by which all legislative acts in individual cases might be set at naught. The basis for this public policy is the duty laid on all citizens to know the law; so that, when a suitor pleads ignorance of law, he not only would thereby assert an advantage over his fellows, but, by setting up such a breach of duty, asks the court for a decree based on his own negligence in respect to the general obligation to know the law. Kerr on Fraud and Mistake, 535; Storrs v. Barker, 6 Johns. Ch. 166, 10 Am. Dec. 316.

[2] While the courts in other jurisdictions have at times gone far in relieving against a mistake of law, such cases have been recognized as exceptions, since on grounds of public policy the rule must remain:

"Ignorance of the deed may excuse, but ignorance of the law excuseth not." St. Germain, Doctor and Student, p. 79; Newburgh Savings Bank v. Town of Woodbury, 173 N. Y. 55, 65 N. E. 858.

[3] The chief question, however, is the liability of the city for these license moneys thus paid in after the repeal of this ordinance. The evidence does not show any duress or restraint, so as to make out legal coercion, or other facts sufficient to make these payments involuntary. Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408; Wood v. Mayor, 25 App. Div. 577, 49 N. Y. Supp. 622; Buckley v. Mayor, 30 App. Div. 463, 52 N. Y. Supp. 452. The most that the evidence shows is that the hack stand moneys were taken under a claim of right.

The liability of municipalities stands on a different footing from other corporations or persons. Those dealing with a municipality are charged with knowledge of the limitations of the powers of their officers and agents, because set forth in the statutes and municipal charters. Can it be held that the law imposes such a duty upon a municipality to return moneys voluntarily paid under a mistake that the city can be sued for money had and received? In his work on Municipal Corporations, Judge Dillon groups together fines, licenses, and taxes, voluntarily paid, under mistake of law:

"Money voluntarily paid to a corporation under a claim of right, without fraud or imposition, for an illegal tax, license, or fine, cannot, without statutory aid, there being no coercion, no ignorance or mistake of facts, but only ignorance or pure mistake of law, be recovered back from the corporation, either at law or in equity, even though such tax, license fee, or fine could not have been legally demanded and enforced."

Such was the text in the 4th edition (section 944), repeated with a wealth of citations in the 5th (1911) edition, § 1621. This rule, necessary almost for the preservation of municipalities, has been rigidly followed in this state. Phelps v. Mayor, 112 N. Y. 216, 19 N. E. 408, 2 L. R. A. 626; Flynn v. Hurd, 118 N. Y. 19, 22 N. E. 1109; Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408.

Instead, therefore, of the law imposing on the city, through its officials, a duty to refund such voluntary payments, the law deems the

citizen at least equally bound to know his rights, and, if the payment be one that in good conscience the city should not keep, the remedy is to be sought from the Legislature. The apparent hardship of the case cannot blind the courts to the effects of departing from a principle essential to the well-being of cities at this time, when they are already answerable throughout a wide field of civil liabilities. The limits of the powers of a municipality require an exception to the common rule as to actions for money had and received. The principle is applied that the citizen must know his liability and rights before payment to a municipality. Otherwise, it is voluntary, and, if received without right, such a payment is evidence of neglect of the litigant to know his rights, so that his payment cannot be recalled, or recovered back in the courts.

For four years the plaintiff continued to take out his yearly licenses, and presumably to enjoy the exclusive privilege of having his hacks upon the private stand he had previously occupied. It was unlike a single erroneous payment of a tax or assessment. The ordinances had been in 1907 assembled in a compilation or Code, readily accessible. If, after the expiration of these four years, such a suit would be successfully maintained, then a breach dangerous and far-reaching would be made in the safeguards that the law has placed upon the municipal treasury, for which innovation we find no support or authority in the decisions of this state.

Judgment is reversed, and a new trial ordered, with costs to abide the event. All concur.