PINKUS WOLEK, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
December 22, 1927.

**Taxation — exemption — action to recover from city of New York amount of taxes paid on ground property was used for religious purposes — plaintiff was rabbi of Jewish faith and property was used for religious worship at time tax was levied — failure to show plaintiff was officer of corporation within meaning of Tax Law, § 4, subd. 7, warrants denial of application for summary judgment.**

Plaintiff, a rabbi of the Jewish faith, is not entitled to summary judgment in an action to recover from the city of New York taxes paid by him under protest on property used for religious purposes at the time the tax was levied, in the absence of proof that, as a rabbi, he was an officer of a religious corporation actually attached to and performing his services for the congregation using the premises for religious services, within the meaning of subdivision 7 of section 4 of the Tax Law.

MOTION by the plaintiff for summary judgment.

*Herman Scheckner,* for the plaintiff.

*George P. Nicholson, Corporation Counsel,* for the defendant.

PANKEN, J.   The relief asked upon each of the above matters is identical except as to the amount sought to be recovered in each case.   The law, therefore, applicable in each of the cases is the same.

The plaintiff seeks to recover from the city of New York taxes which he has paid on property standing in his name and located at No. 1815 Washington avenue, in the borough of The Bronx, city of New York.   It is the contention of the plaintiff that the land tax was illegally levied, and that when payment was made by him, the payment was under protest.

The basis of the plaintiff's claim is that the property was used for religious purposes during the period that it was held in his name.

He acquired title to this property in April, 1925, and divested himself of the title in July, 1926.   Title was conveyed by him to three individuals as trustees for the congregation known as Agudas Tipheras Israel Anshei Besarabia.   This congregation used the premises in question for religious worship exclusively, and no pecuniary profit resulted to the plaintiff.

The taxes sought to be recovered were paid to the city at the time the property was conveyed to the trustees, for the Congregation Agudas Tipheras Israel Anshei Besarabia.

The plaintiff is a rabbi of the Jewish faith. These are substantially the facts.

The question presented for my determination is whether the plaintiff can recover the amount of the taxes which were levied against the property, as contended by him, illegally, and which were paid under protest.

Section 4, subdivision 7, of the Tax Law, among other things provides: " The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation."

Toward the end of the subdivision the following language appears: " Property held by any officer of a religious denomination shall be entitled to the same exemptions, subject to the same conditions and exceptions, as property, held by a religious corporation."

The statute specifically provides, therefore, that property held by an officer of a religious corporation, and which property is used for religious worship, is exempt from taxation.

The property was used for religious purposes at the time the land tax was levied.

It has been held in the case of *Matter of Mary Immaculate School* (188 App. Div. 5) that " It is the use of the property at the time when the tax is assessed which determines whether it is exempt from taxation or not."

The uncontradicted averment is that the property in question was used for religious worship or purposes at the time the tax was levied.

It is the settled law in this State that money paid over upon a mistake of law may not be recovered. It has been said that " Money voluntarily paid to a corporation under a claim of right, without fraud or imposition, for an illegal tax, license, or fine, cannot without statutory aid, there being no coercion, no ignorance or mistake of facts, but only ignorance or pure mistake of law, be recovered back from the corporation either at law or in equity, even though such tax, license fee or fine, could not have been legally demanded and enforced." (*Hebron* v. *City of New York*, 78 Misc. 653.)

The taxes in this case were paid under protest, plaintiff being aware of the law. The rule laid down in the *Hebron* case is, there-

fore, not applicable to the facts on the motion before me. A rabbi of the Jewish faith, if attached to a congregation, is an officer of such congregation. The plaintiff herein is a rabbi of the Jewish faith, and if he were attached to the congregation, conducting its religious services in the building on the premises affected by this alleged illegal levy, he would in law and in fact be an officer of such congregation. The property held in his name and used by the congregation for religious services would be exempt from taxation.

That leaves but one question for me to determine: Was the plaintiff an officer within the meaning of subdivision 7, section 4, of the Tax Law?

The affidavits in support of the motion are silent on that question. In the absence of proof that the plaintiff was a rabbi of the Jewish faith, actually attached to and performing his services for the congregation, using the premises for religious services, or acted otherwise as an officer for such congregation, recovery by him under the statute cannot be had.

The motions, therefore, for summary judgment are denied, with leave to renew the application.