■ SEBASTIAN PULEO, Respondent, v. CALEDONIAN HOSPITAL OF THE CITY OF NEW YORK, Defendant, and NATHANIEL P. HERMAN et al., Appellants.— Judgment, Supreme Court, New York County, entered on August 30, 1973, unanimously modified, on the law and on the facts, and a new trial granted as to the defendants-appellants solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent within 20 days of service upon him by the defendants-appellants of a copy of the order entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $60,000 and to the entry of an amended judgment in accordance therewith. If the plaintiff-respondent consents to the reduction, the judgment as so amended and reduced is affirmed, without costs and without disbursements. The amount awarded by the jury was excessive and a judgment exceeding the amount indicated is not warranted on this record. Concur — Nunez, J. P., Kupferman, Steuer, Capozzoli and Macken, JJ.

■ LESLIE MASON, Respondent, v. ANTHONY MASON et al., Appellants.— Order, Supreme Court, New York County, entered on April 16, 1973, denying defendants' motion to dismiss the amended complaint herein, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the complaint dismissed. The broad general release contained in the separation agreement entered into between the parties on September 25, 1969, which was not before this court on the earlier appeal that resulted in the dismissal of plaintiff's original complaint (41 A D 2d 607), is a complete bar to the claims which she is now seeking to assert. The validity of the release provision is in no way dependent upon the support covenant in the separation agreement. Furthermore, we are of the opinion that the plaintiff's acts since the date of the separation agreement completely belie any possible claim by her of duress or overreaching. Concur — McGivern, P. J., Markewich, Steuer, Capozzoli and Macken, JJ.

■ In the Matter of VIRGINIA CAMPBELL, Petitioner, v. HENRY PHIPPS PLAZA SOUTH, INC., Respondent.— Determination of respondent landlord terminating the tenancy of petitioner tenant, and refusing to renew the lease of the petitioner tenant, unanimously confirmed, and petition dismissed, without costs. This matter properly should have been disposed of at Special Term, but this court may now consider it and determine it on the merits. (CPLR 7804, subd. [g]; Matter of Willow Garden Apts. v. Riker, 36 A D 2d 892; Matter of 125 Bar Corp. v. State Liq. Auth. 24 N Y 2d 174.) The record of the proceedings, transferred to us in this article 78 proceeding, challenging the determination of respondent, a corporation organized under article V of the Private Housing Finance Law, discloses that it reached its determination under procedures which afforded petitioner tenant all the required elements of due process; and the determination of respondent landlord was neither arbitrary nor capricious, but predicated upon a rational basis. Specifically, a finding has been made that petitioner tenant, and the members of her family, who resided with her, were undesirable tenants because they were constantly involved in criminal arrests and incidents which constituted a danger to the health and well being of other tenants. (Matter of Willow Garden Apts. v. Riker, supra; Tompkins Sq. Neighbors v. Zaragoza, 43 A D 2d 551; Matter of Colton v. Berman, 21 N Y 2d 322, 329.) Concur — McGivern, P. J., Markewich, Steuer, Capozzoli and Macken, JJ.