■ In the Matter of V. C. VITANZA SONS, INC., Petitioner, v PHILIP ROSS, as Industrial Commissioner of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review the withholding by the Industrial Commissioner of funds due under a public works contract. Petitioner, a domestic corporation engaged in general contracting, entered into a public works contract in 1974. In July, 1975, funds representing allegedly unpaid wages in the amount of $171,240 were withheld from payment to petitioner pursuant to section 220-b of the Labor Law. Following several hearings, the Industrial Commissioner issued an interim determination, dated August 11, 1977, refusing to release the funds pending further investigation. By an order dated May 2, 1977, Special Term granted petitioner an order of mandamus directing respondent Industrial Commissioner and respondent Sharkey to make a final determination of petitioner's liability for wage violations under article 8 of the Labor Law. This order was renewed by an order entered July 12, 1977 which extended until August 11, 1977, the time period in which a final determination could be made. This subsequent order was appealed on August 1, 1977, and cross-appealed on August 11, 1977. The present proceeding arises apart from said orders and appeals. In its prayer for relief in this proceeding, petitioner seeks an order directing the immediate release of the funds; or annulling the determination of the Industrial Commissioner not to render a final determination and thereupon order that a final decision be made in 10 days; or vacating the stay imposed pursuant to CPLR 5519 upon the order of July 2, 1977. Petitioner also seeks to have section 220-b of the Labor Law declared unconstitutional. It is petitioner's contention that the determination of the Industrial Commissioner is not supported by substantial evidence, and that it is arbitrary, capricious and an abuse of discretion. Such a

review, in the nature of certiorari, however, is precluded in this proceeding due to the fact that the Industrial Commissioner's determination is not final (CPLR 7801, subd 1). No findings are made in the determination, designated as an "interim determination", and the matter is held over for further investigation. Other relief is also sought by petitioner. Although the transfer of this proceeding to this court was improper, as it was based upon a substantial evidence question which we cannot now determine (CPLR 7804, subd [g]), we may, nevertheless, consider the matter and determine it on the merits (CPLR 7804, subd [g]; *Matter of Campbell v Phipps Plaza South,* 45 AD2d 684). This proceeding is also in the nature of mandamus as petitioner seeks to compel respondent Industrial Commissioner to make a final determination pursuant to section 220-b of the Labor Law. Finality is not a necessary requirement in an article 78 proceeding in the nature of mandamus *(Matter of Wishik v Dumpson,* 55 AD2d 593). As an affirmative defense, the Industrial Commissioner alleges that petitioner has brought two other mandamus proceedings in which the commissioner is named as respondent, and which have been appealed to this court. It is argued that the instant proceeding is an attempt to relitigate the same matters as on appeal. Construing this defense liberally (CPLR 3026) we are of the view that it sufficiently raises the defense of *res judicata.* In our opinion, the causes of action are the same, and no new facts have been added since the prior proceedings so as to distinguish them from the present proceeding. Consequently, insofar as petitioner seeks relief in the nature of mandamus against the Industrial Commissioner and respondent Sharkey, who were parties in the prior proceedings, it is barred by *res judicata* (see *Weisz v Levitt,* 59 AD2d 1002). As regards respondent Murray, he should be dropped from this proceeding on the grounds of misjoinder (CPLR 1003) since control of the fund sought by petitioner is statutorily in the sole control of the Industrial Commissioner (Labor Law, § 220, subd 5, par e; § 220-b, subd 2). Although petitioner also contends that the respondents have unconstitutionally applied the provisions of section 220-b of the Labor Law so as to deprive it of due process of law, it is apparent from petitioner's brief that in reality it is petitioner's claim that the Industrial Commissioner has failed to adhere to said section in that the hearings were not conducted expeditiously and he has not yet determined the issues. The question of the commissioner's adherence to the statute and the expeditious handling of the hearings would be considered in the mandamus proceeding and is not a viable challenge to the constitutionality of the statute. As we have previously stated, we are precluded from considering that part of this proceeding as seeks relief in the nature of mandamus. Consequently, we cannot now pass upon the commissioner's performance of his duties as enjoined upon him by section 220-b of the Labor Law. As previously noted, petitioner included in its prayer for relief in this proceeding a request to vacate the statutory stay of enforcement resulting from respondents' appeal of the July 12, 1977 order in the prior proceeding. Although such relief is properly sought from this court (CPLR 5519, subd [c]), petitioner has made its application in the context of the instant proceeding instead of in the prior related proceeding wherein the order sought to be enforced was made. This irregularity, however, may be disregarded since respondents were put on notice of the application to vacate the stay and have had an opportunity to reply to it (CPLR 2001; cf. Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2214:1, Pocket Part, 1977-1978, p 9). In view of all of the facts and circumstances presented by this case, and especially considering the statutory mandate of section 220-b of the Labor Law requiring the

commissioner to expeditiously resolve the issues surrounding the withholding of these funds, we grant the application to vacate the statutory stay and direct that respondents make a final determination in this matter within 60 days. Petition dismissed, without costs. Motion to vacate statutory stay granted, without costs, and respondents directed to make a final determination in this matter within 60 days after the service of a copy of the order to be entered hereon. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.