## THIRD DEPARTMENT, OCTOBER, 1978

### (October 12, 1978)

■ In the Matter of SNYDER CONSTRUCTION COMPANY, INC., Respondent. PHILIP ROSS, as Industrial Commissioner, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered July 12, 1977 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul appellant's wage rate redetermination. In May, 1976, petitioner entered into a public works contract to perform certain highway work in Madison County. Attached to said contract was a schedule of prevailing rates of wages and supplements, as determined by appellant, to be paid to petitioner's employees. In January, 1977, appellant made a redetermination of applicable wage rates and supplements and notified petitioner that it was obligated to pay the redetermined rates. In this proceeding pursuant to CPLR article 78 petitioner challenged the redetermination of wage rates and supplements on the ground that no notice of a hearing concerning the redetermination was served upon petitioner nor was any hearing held. Special Term concluded that subdivision 8 of section 220 of the Labor Law required that petitioner be afforded an opportunity to be heard, after notice of hearing was given, before any order changing existing wage rate schedules could be made. Accordingly, appellant's wage rate determination was annulled and the matter remanded to appellant for compliance with subdivision 8 of section 220 of the Labor Law. This appeal ensued. Our decision in this case is controlled by this court's recent decision in *Matter of Ballard Constr. v Ross* (63 AD2d 99) wherein we concluded that the hearing provisions of subdivision 8 apply to the redetermination of wage rates as well as to original determinations. Consequently, a hearing should have been held in the present case prior to the Industrial Commissioner's redetermination and petitioner, as an affected corporation, was entitled to notice of the hearing. Special Term, therefore, properly annulled the determination and remanded the matter for compliance with subdivision 8 of section 220 of the Labor Law. The Industrial Commissioner also contends, relying on *Matter of Lakeland Water Dist. v Onondaga County Water Auth.* (24 NY2d 400), that this CPLR article 78 proceeding may not be used to review the wage rate determination in that no notice or hearing were required prior thereto. Having concluded that a hearing upon notice was required, we find this argument to be without merit. The judgment at Special Term should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.