OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The defendant seeks an order dismissing the claim on the ground of release (CPLR 3211, subd [a], par 5), and on the ground that it is time barred (CPLR 3211, subd a, pars 2, 5; 22 NYCRR 1200.20 [a] [2]). The claimant seeks an order granting partial summary judgment (CPLR 3212, subd [e]) for sums allegedly due, and if its claim be deemed late filed, an order granting relief from the time requirements prescribed by statute for filing a claim. The court will treat the defendant’s motion as one for summary judgment pursuant to CPLR 3211 (subd [c]).
These motions involve the standard release clause found in State public works contracts ("Standard Specifications” of Jan. 2, 1973, § 109-14) and the effects of section 145 of the State Finance Law. Pursuant to the foregoing, a contractor who accepts final payment must meet certain conditions in order *387 to prosecute a claim arising from the contract. Initially, he must serve a detailed and verified claim upon the Department of Transportation not later than 40 days after the mailing of final payment. He must then commence an action within six months after such mailing. If he fails to satisfy either condition, his claim will be barred. (Ferran Concrete Co. v Facilities Dev. Corp. of State of N. Y., 61 AD2d 1061; Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp., 57 AD2d 211.) However, if the final payment has not been made, or has not been accepted, the contractor need only satisfy subdivision 4 of section 10 of the Court of Claims Act with respect to the filing of his claim.
It is conceded here that, absent the mailing and acceptance of final payment, this claim is timely filed. However, the State contends that final payment has been made and, since the requisite conditions have not been satisfied, the claim is barred. The issue, then, is whether final payment has been made by the State and accepted by the claimant.
The source of controversy was the withholding of the sum of $25,000 due under the contract, by the State Comptroller, pursuant to section 220-b of the Labor Law. By agreement, $14,000 of this sum was released. The remaining $11,000 is presently withheld pending the resolution of a wage rate dispute. (See Matter of Snyder Constr. Co. v Ross, Supreme Ct, Madison County, July 12, 1977, Swartwood, J., affd 65 AD2d 633.) The State’s final estimate indicated that the amount due the claimant was $1,215,599.37. No reference was made in this estimate to the $11,000 withheld. A check in the amount of $30,920.69 for the alleged final payment was then tendered to the claimant and cashed. This brought the total sum paid to $1,204,599.37 which represented the final estimate less the $11,000 withheld.
The State alleges that this payment satisfied the contractual definition of final payment and was sufficient to trigger the release clause and provisions of section 145 of the State Finance Law. Reliance is placed on section 109-12 of the "Standard Specifications”, which provides: "109-12 FINAL ESTIMATE. The Commissioner will approve a final estimate for final payment based on the final agreement as prepared and approved by the Regional Director, less previous payments and any and all deductions authorized to be made by the Commissioner under the contract. Payment pursuant to such final estimate less any deductions authorized to be made *388 by the Comptroller under the contract shall constitute the final payment and shall be made by the Comptroller.” The State contends that, since the Labor Law has been incorporated into the contract (“Standard Specifications” of Jan. 2, 1973, § 102-08 C), the withholding made pursuant thereto constituted a deduction authorized to be made by the Comptroller under the contract.
Nowhere in the contract is the term "deduction” defined, nor have there been any cases which have interpreted section 109-12 of the "Standard Specifications”. Further, nothing in the conduct of the parties, or in the circumstances underlying the formation of the contract, sheds any light on this dispute. It is inconsequential that the stub on the check was marked "final”. The only thing that is clear from this is that the State chose to treat the check as final payment, while the contractor did not. Therefore, the court must interpret the disputed clause using the meaning of the terms therein as they are commonly understood. (Allied Chem. Corp. v Alpha Portland Inds., 58 AD2d 975; 10 NY Jur, Contracts, § 195.)
In one sense, the money withheld pursuant to section 220-b of the Labor Law was a "deduction”, in that it was not immediately due the contractor. In another sense, it was not, since it must be paid eventually, either to the contractor or his employees, in order to discharge the State’s contractual obligation. Obviously, the term "deduction”, as used in the contract, is ambiguous under the circumstances. This being the case, the court must construe the meaning of this term against the State, the preparer of the contract. (67 Wall St. Co. v Franklin Nat. Bank, 37 NY2d 245; Matter of Goldfield Corp. v General Host Corp., 29 NY2d 264; 10 NY Jur, Contracts, § 223.) In doing so, the court finds that such withholding was not a "deduction”. Hence, final payment has not been made and the claim filed herein is neither untimely, nor barred. Therefore, the State’s motion is denied.
The claimant’s motion for partial summary judgment must also be denied. The subject matter of the $11,000 was not included in its claim and is therefore not before this court. Even if it were, the wage dispute has not been resolved and the State’s authority to withhold the sum continues.
In accordance with the foregoing, it is
Ordered, that the State’s motion to dismiss the claim is, in all respects, denied; and it is further
Ordered, that the claimant’s motion for partial summary *389 judgment is, in all respects, denied, and the claimant’s motion for an extension of the time requirements prescribed by statute in order to file its claim, is likewise denied as moot.