TOWN OF HARDENBURGH et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, January 31, 1980

**APPEARANCES OF COUNSEL**

*Oppenheim, Drew & Kane (Stephen L. Oppenheim* of counsel), for appellants.

*Robert Abrams, Attorney-General (George M. Thorpe* and *Shirley Adelson Siegel* of counsel), for respondents.

## OPINION OF THE COURT

HERLIHY, J.

Special Term, at the outset of its decision in this case, found that the Town of Hardenburgh and the individual plaintiffs suing in their official capacity lacked standing to bring this action against the State. We affirm its dismissal of the complaint as to those plaintiffs for the reasons set forth by Special Term. However, the remaining individual plaintiffs concededly have standing and, thus, the merits must be considered.

The plaintiffs commenced this declaratory judgment action on November 16, 1978 on behalf of all property owners whose properties would have received an exemption under section 436 of the Real Property Tax Law prior to its amendment by section 1 of chapter 738 of the Laws of 1978.

Former section 436 of the Real Property Tax Law provided as follows: "Real property held by any officer of a religious denomination shall be entitled to the same exemption from taxation, special ad valorem levies and special assessments, subject to the same conditions and exceptions, as property owned by a religious corporation." (L 1958, ch 959.) In 1978 the Legislature amended section 436 to provide:

"Real property held in trust by a clergyman or minister of a religious denomination for the benefit of the members of his incorporated church or unincorporated church shall be entitled to the same exemption from taxation, special ad valorem levies and special assessments as authorized by section four hundred twenty-one of this chapter; provided that such real property shall satisfy all the conditions and exceptions set forth therein including that the property so held be used exclusively for one or more of the purposes enumerated in paragraph (a) of subdivision one of section four hundred twenty-one of this chapter.

"For purposes of this section, 'clergyman', 'minister', 'incorporated church' and 'unincorporated church' shall be defined as in section two of the religious corporations law." (L 1978, ch 738, § 1.)

The individual plaintiffs' objection to the change effected by the 1978 amendment is quite simply that they lose their personal tax exemption unless the property to which they hold legal title is equitably owned for the benefit of their religious denomination *and* they also qualify as a "clergyman" or "minister" of *that* denomination. Special Term found that

the change in the statutory language was not one of substance, but simply a clarification of legislative intent.

Former section 436 apparently came into the consolidated laws by chapter 62 of the Laws of 1909 and its language in 1958 was virtually identical with the exemptions as provided in chapter 908 of the Laws of 1896 (see *Matter of Kimberly,* 27 App Div 470, 472). Nevertheless, there is no body of case law construing former section 436. It was observed in the *Kimberly* case that in "numerous" cases property was held "in trust" by members of a religious denomination for such denomination, but the exemption provided by former section 436 was not before that court and not determined by it. However, the statute did not, prior to 1978, explicitly require that equitable title be in a religious denomination. Further, while an officer of a religious denomination might not be someone who would be a spiritual leader thereof, the 1978 amendment, by restricting the exemptions to clergymen and ministers as defined in section 2 of the Religious Corporations Law, has narrowed the class of exempt persons.

Upon its face, the 1978 amendment has changed the scope of the tax exemption by eliminating any tax exemption where the property is not equitably owned by a religious denomination. Such a change cannot be treated as a mere clarification of the former section 436, which appeared upon its face to simply require a *use* for religious purposes and *not* a concurrent equitable interest by a religious denomination (cf. *Wolek v City of New York,* 131 Misc 37).

The constitutional issue raised in this case is whether or not the 1978 amendment to section 436 interferes with the free exercise of religion. However, there is no allegation or offer of proof which shows that there is an infringement upon the plaintiffs' religion. In particular, the statute, upon its face, does not suggest any legitimate application which would discriminate between religions, and as noted by Special Term there is a presumption of constitutionality in favor of the statute.

Upon a full consideration of the pleadings, there is a failure to establish sufficient facts to raise a justiciable controversy and, accordingly, it was error for Special Term to enter a declaration in favor of any litigant. While we do not necessarily disagree with the finding, under the circumstances we do not reach the issue of the constitutionality of section 436 of the Real Property Tax Law as amended.

The judgment should be modified, on the law, by striking the second decretal paragraph and inserting in its place a provision that the complaint is dismissed as to the remaining plaintiffs, and, as so modified, affirmed, without costs.

KANE, J. P., STALEY, JR., MAIN and MIKOLL, JJ., concur.

Judgment modified, on the law, by striking the second decretal paragraph and inserting in its place a provision that the complaint is dismissed as to the remaining plaintiffs, and, as so modified, affirmed, without costs.