In the Matter of SCHULTZ CONSTRUCTION, INC., Appellant, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Respondent. (Proceeding No. 1.)

In the Matter of A. L. BLADES & SONS, INC., et al., Respondents, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Appellant. (Proceeding No. 2.)

Third Department, July 24, 1980

152

## APPEARANCES OF COUNSEL

*Tate, Tate, Miller & Ruthman (Victoria Graffeo* of counsel), for Schultz Construction, Inc., appellant in Proceeding No. 1.

*Robert Abrams, Attorney-General (John Q. Driscoll, Shirley Adelson Siegel* and *William J. Kogan* of counsel), for Philip

Ross, appellant in Proceeding No. 2 and respondent in Proceeding No. 1.

*Bryant, O'Dell & Basso (Robert F. Silkey* of counsel), for A. L. Blades & Sons and others, respondents in Proceeding No. 2.

## OPINION OF THE COURT

HERLIHY, J.

The petitioners in these proceedings entered into contracts with municipalities or public corporations prior to August 18, 1978, wherein the contracts provided that an existing schedule of wages was applicable. Those contract provisions were inserted to carry out the mandate of section 17 of article I of the New York State Constitution that "[n]o laborer, workman or mechanic, in the employ of a contractor engaged in the performance of any public work * * * shall be paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, executed or used." The constitutional requirement is implemented by section 220 of the Labor Law (all statutory references hereinafter are to the Labor Law unless otherwise specified), and prior to the effective date of its amendment by chapter 336 of the Laws of 1978, it was interpreted by the courts as requiring a hearing prior to an upward redetermination of wages with due notice to any affected contractors *(Matter of Snyder Constr. Co. [Ross],* 65 AD2d 633; *Matter of Ballard Constr. v Ross,* 63 AD2d 99, mot for lv to app den 45 NY2d 713; *Matter of Expert Elec. v Goldin,* 51 AD2d 763). Chapter 336 of the Laws of 1978 would appear to be intended to dilute the requirement of a hearing, insofar as the judicial interpretation depended upon subdivision 7 of section 220 authorizing a *redetermination* of the prevailing wage once the work has commenced at the rates previously determined by the Industrial Commissioner. Notably, subdivision 8 of section 220 now unequivocally requires a hearing for *any* proceeding initiated pursuant to subdivision 7 of section 220, with such hearings being denominated "compliance" investigations.

*Assuming,* but not deciding, for present purposes, that as a result of chapter 336 of the Laws of 1978 there is no longer a basis for interpreting section 220 as requiring a hearing prior to and as an adjunct of a redetermination of the prevailing wage, the primary issue upon these appeals is whether or not

the 1978 amendment is retroactive, so as to eliminate the requirement of a hearing for contracts entered into prior to the amendment's effective date.

The Industrial Commissioner submits that the right to notice and a hearing prior to a decision or redetermination is merely procedural and, therefore, immediate application to existing contracts is warranted. Under the present situation, it is not simply a change in the procedure that is involved, because if hearing and notice are no longer required, the contractor is eliminated from the decision-making process. The right to participate in the fact-finding process is patently more than a procedural adjustment. Accordingly, the amendment is not one that simply affects the procedure to be followed by the Industrial Commissioner in making a redetermination (see *Matter of Deutsch v Catherwood*, 31 NY2d 487).

However, the question to be considered is whether or not the matter was one which the Legislature sought to change as to existing contracts and may not be made to turn upon a "slavish" adherence to rules of construction *(Matter of Beary v City of Rye,* 44 NY2d 398, 411).

■ Nevertheless, the position of the Industrial Commissioner as to an immediate application of the amendment runs counter to the presumed intent of the Legislature, arising from the fact that the Legislature stipulated to an effective date 60 days after the enactment of the amendment. (See, e.g., *Matter of Deutsch v Catherwood, supra.)* The result of retroactivity would be the imposition upon the contractor of unilateral determinations by the Industrial Commissioner and the withholding of contract payments. Since the Legislature saw fit to delay the impact of this amendment upon contractors, we do not perceive any intent to affect those contracts in existence at the time of the amendment. The urging of the Industrial Commissioner that the amendment simply clarifies the pre-existing intent of the Legislature is not an adequate basis for finding a retroactive intent. (See, generally, *Town of Hardenburgh v State of New York,* 72 AD2d 192, 194.)

In the absence of a clear expression of intent, the amendment and its background are such as to imply prospective application only to contracts entered into on and after its effective date (see *Matter of Snyder Constr. Co. [Ross],* 65 AD2d 633, *supra).* In reaching that conclusion, the right to participate in the events related directly to the profits of a

contractor and/or the costs to the public is deemed paramount to the administrative convenience of the respondent.

In Proceeding No. 1 (Schultz), the issue of timeliness of the proceeding was raised. In particular, under former subdivision 8 of section 220, a party to a redetermination proceeding had 30 days to seek judicial review from the date of notice of the filing of an order affecting wages. In *Ronco Communications & Electronics v Valentine* (70 AD2d 773) the court, in construing the 30-day limitation in section 220-b, observed that if the required hearing was not held, the period would not run because there could be no final order entered in the absence of a hearing. The provisions of former subdivision 8 of section 220 as to a 30-day period are substantially the same as in the *Ronco* case, and the 30-day Statute of Limitations is not applicable.

■ However, the right to a hearing is personal to these petitioners, and the lack of underlying compliance to invoke the short period of 30 days does not establish that CPLR 217 is inapplicable. The fact that the finality of the order of redetermination was subject to attack and the statutory infirmities were such as to bar the start of its own short Statute of Limitations does not establish that there was not otherwise a final determination subject to CPLR article 78 review. In the absence of judicial proceedings, the order of the Industrial Commissioner was final and enforceable, insofar as the withholding of contract payment is concerned. Accordingly, the petition is untimely unless commenced within four months of the notice of entry of the determination. In this case, there is only one such determination and that was forwarded to Schultz on October 10, 1978. Accordingly, the judgment of Special Term in Proceeding No. 1 must be reversed as to the determination served on Schultz on October 10, 1978.

In Proceeding No. 2, the sole issue presented by the Industrial Commissioner is whether or not the amendment is retroactive, and having decided against him on that issue, the judgment must be affirmed.

In Proceeding No. 1, the judgment entered July 6, 1979 should be modified, on the law, by reversing so much thereof as dismissed that portion of the petition seeking to annul the wage and supplement redetermination, dated June 6, 1978 and by annulling said determination, and, as so modified, affirmed, with costs to petitioner; and in Proceeding No. 2, the

judgment entered December 4, 1979 should be affirmed, with one bill of costs to petitioners.

GREENBLOTT, J. P., SWEENEY, MAIN and MIKOLL, JJ., concur.

In Proceeding No. 1., judgment entered July 6, 1979 modified, on the law, by reversing so much thereof as dismissed that portion of the petition seeking to annul the wage and supplement redetermination, dated June 6, 1978, and by annulling said determination, and, as so modified, affirmed, with costs to petitioner; and in Proceeding No. 2, judgment entered December 4, 1979 affirmed, with one bill of costs to petitioners.