■  In the Matter of NALEWS, INC., Respondent, v NEW YORK STATE ENVIRONMENTAL FACILITIES CORPORATION et al., Appellants.—Appeal from an amended order of the Supreme Court at Special Term, entered March 4, 1980 in Albany County, which, in a proceeding pursuant to CPLR article 78, directed respondents to refund moneys withheld from petitioner pursuant to section 220-b of the Labor Law. In September of 1976, the petitioner entered into a contract with respondent New York State Environmental Facilities Corporation (EFC). The contract was subject to section 220 of the Labor Law (all statutory references hereinafter

are to the Labor Law). That statute provided that petitioner must pay the workmen at the prevailing wage rate. Thereafter, the Department of Labor (Department) made several redeterminations of the applicable rates (Jan., 1977; July, 1977; Jan., 1978) pursuant to which EFC has continued to withhold sums of money otherwise due petitioner. The petitioner demanded a hearing in May of 1977 which was refused and subsequently the redeterminations were annulled by Special Term. Nevertheless, the Department did not release the funds or cancel its orders to EFC to continue to withhold funds. Petitioner commenced this proceeding in May of 1979 seeking a return of the money withheld by EFC and a direction that no more funds could be withheld by virtue of the prior redeterminations. It is established that the wage redeterminations were not valid as final determinations because hearings were not held before issuance. (See *Matter of Blades & Sons v Ross*, 76 AD2d 151, mot for lv to app granted 51 NY2d 707; *Matter of Snyder Constr. Co. [Ross]*, 65 AD2d 633; *Matter of Ballard Constr. v Ross*, 63 AD2d 99, mot for lv to app den 45 NY2d 713.) Based upon such invalidity, Special Term has found that the fiscal officer as defined in section 220-b has failed to conduct an expeditious investigation and administrative hearing. The issue posed upon this appeal is whether or not Special Term has erred either as an abuse of discretion or as a matter of law. Section 220, as applicable to this proceeding, provides, in subdivision 7, that the Industrial Commissioner as fiscal officer may initiate an investigation of the prevailing rate of wages. The statute further provides, in subdivision 8, that a hearing shall be held *before* making an order based upon such investigation and that the wages to be paid will relate back to the date "of the filing of the fiscal officer's report of investigation made on his own initiative." The statute does *not* render the initial findings of the investigation without legal effect, but simply delays such effect pending a hearing and final determination. Subdivision 2 of section 220-b supplements the initial, but not final, determination of the fiscal officer by ordering the financial officer notified of such initial determination to withhold funds from the employer "pending a final determination". Subdivision 8 of section 220 and subdivision 2 of section 220-b require that the fiscal officer proceed "expeditiously" to reach a final determination (§ 220) of the prevailing rate of wages and to determine (§ 220-b) if any amounts are due to workers from the funds withheld pursuant to the initial or final determination of the prevailing rate. (See *Matter of Vitanza Sons v Ross*, 63 AD2d 1068, 1069-1070.) In this particular case, it appears that the performance by the fiscal officer has been anything but expeditious. However, it is also apparent that the petitioner has contributed to the over-all delay. In any event, the over-all thrust of the statutory provisions is the benefit of workmen and the mandate of section 17 of article I of the New York State Constitution is that "no laborer, workman or mechanic, in the employ of a contractor * * * engaged in the performance of any public work * * * shall * * * be paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used." Consonant with the apparent intent of the statutes and the Constitution, the failure to proceed expeditiously cannot be accorded the effect of voiding the express provisions of section 220-b whereby sums due the contractor are to be withheld to assure the payment of the prevailing rate of wages. Accordingly,

Special Term erred as a matter of law in directing that the funds withheld be paid to the petitioner. The appropriate judicial relief was that which Special Term had previously granted in an order entered on October 30, 1979 directing a section 220 hearing. Upon this appeal, we are advised that the required hearing has been held and a final order issued on May 8, 1980. Accordingly, this proceeding is moot insofar as the failure to perform "expeditiously" on the part of the fiscal officer is concerned. Order reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.