this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Was the order of Special Term, which denied plaintiffs' motion for summary judgment, correct as a matter of law?" Sweeney, J.P., Main, Mikoll and Casey, JJ., concur.

## (March 24, 1981)

■ In the Matter of BARSONS CONSTRUCTION CO., INC., Respondent, v PHILIP Ross, as Industrial Commissioner of the State of New York, et al., Appellants. — Appeal dismissed, without costs, unless appellants shall file and serve record and brief within 60 days from the decision of the Court of Appeals in the cases of *Matter of Schultz Constr. v Ross* and *Blades & Sons v Ross* (76 AD2d 151), in which event motion denied. Mahoney, P.J., Sweeney, Kane, Main and Mikoll, JJ., concur.

■ In the Matter of JOHN TALARICO CONTRACTING CORP. et al., Respondents, v PHILIP Ross, as Industrial Commissioner of the State of New York, et al., Appellants. — Appeal dismissed, without costs, unless appellants shall file and serve record and brief within 60 days from the decision of the Court of Appeals in the cases of *Matter of Schultz Constr. v Ross* and *Blades & Sons v Ross* (76 AD2d 151), in which event motion denied. Mahoney, P.J., Sweeney, Kane, Main and Mikoll, JJ., concur.

■ In the Matter of JOHN TALARICO CONTRACTING CORP. et al., Respondents, v PHILIP Ross, as Industrial Commissioner of the State of New York, et al., Appellants. — Appeal dismissed, without costs, unless appellants shall file and serve record and brief within 60 days from the decision of the Court of Appeals in the cases of *Matter of Schultz Constr. v Ross* and *Blades & Sons v Ross* (76 AD2d 151), in which event motion denied. Mahoney, P.J., Sweeney, Kane, Main and Mikoll, JJ., concur.

■ In the Matter of MID-STATE ELECTRIC CO., INC., Respondent, v PHILIP Ross, as Industrial Commissioner of the State of New York, Appellant. — Appeal dismissed, without costs, unless appellant shall file and serve record and brief within 60 days from the decision of the Court of Appeals in the cases of *Matter of Schultz Constr. v Ross* and *Blades & Sons v Ross* (76 AD2d 151), in which event motion denied. Mahoney, P.J., Sweeney, Kane, Main and Mikoll, JJ., concur.

## (March 26, 1981)

■ In the Matter of the Estate of RUTH REGNANTE, Deceased. JAMES REGNANTE, Appellant; RUTH PALMER, Respondent. — Appeal from a decree of the Surrogate's Court of Otsego County, entered December 29, 1978, which finally and judicially settled and allowed the accounts of the executrix. Petitioner's contention that his claim for $4,509.65 for alleged medical and transportation expenses incurred by or on behalf of the deceased should have been allowed is without merit. The evidentiary rulings made by the